No. 22-1525

---

## UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

---

JOHN DOE,
*Plaintiff-Appellee,*

v.

TOWN OF LISBON; NEW HAMPSHIRE DEPARTMENT OF JUSTICE,
*Defendants*,

EUGENE VOLOKH,
*Intervenor-Appellant.*

---

ON INTERLOCUTORY APPEAL
FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE
Civil Action No. 1:21-cv-00944-JL

---

## APPENDIX TO OPENING BRIEF OF
## INTERVENOR-APPELLANT EUGENE VOLOKH

---

Eugene Volokh
First Amendment Clinic
UCLA School of Law
385 Charles E. Young Dr. E
Los Angeles, CA 90095
(310) 206-3926
volokh@law.ucla.edu

## Appendix

Civil Docket No. 1:21-cv-00944-JL….…………………………………………… 1

Consolidated Complaint……………..…………………………………………  10

Notice of Appeal….………………….….……………………………………  21

R Create an Alert for This Case on RECAP

AJrecused,DLrecused,INTAPP,LMrecused,TRLSET

# U.S. District Court
## District of New Hampshire (Concord)
## CIVIL DOCKET FOR CASE #: 1:21-cv-00944-JL

Doe v. Lisbon, NH, Town of                              Date Filed: 11/15/2021
Assigned to: Judge Joseph N. Laplante                   Jury Demand: Both
Related Case: 1:22-cv-00043-SM                          Nature of Suit: 440 Civil Rights: Other
Case in other court: Grafton County Superior Court, 215-2021-    Jurisdiction: Federal Question
                     CV-00252
                     Court of Appeals, 22-01525
Cause: 28:1441 Petition for Removal- Civil Rights Act

**Plaintiff**

**John Doe**                          represented by   **Christopher T. Meier**
                                                       Cooper Cargill Chant PA
                                                       2935 White Mtn Hwy
                                                       North Conway, NH 03860
                                                       603-356-5439
                                                       Fax: 603-356-7975
                                                       Email: cmeier@coopercargillchant.com
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

V.

**Consol Plaintiff**

**John Doe**                          represented by   **Christopher T. Meier**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Lisbon, NH, Town of**               represented by   **Naomi N. Butterfield**
                                                       Mitchell Municipal Group PA
                                                       25 Beacon Street E
                                                       Laconia, NH 03246
                                                       603-524-3885
                                                       Email: naomi@mitchellmunigroup.com
                                                       *TERMINATED: 07/15/2022*
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Samuel H. Martin**
                                                       Jackson Lewis PC
                                                       100 International Dr, Ste 363

Portsmouth, NH 03801
603-559-2734
Email: samuel.martin@jacksonlewis.com
*ATTORNEY TO BE NOTICED*

**Debra Weiss Ford**
Jackson Lewis PC
100 International Dr, Ste 363
Portsmouth, NH 03801
603 559-2727
Email: debra.ford@jacksonlewis.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**New Hampshire Department of Justice**      represented by   **Amanda Palmeira**
*TERMINATED: 05/02/2022*                                       NH Attorney General's Office (DOJ)
                                                               Department of Justice
                                                               33 Capitol St
                                                               Concord, NH 03301
                                                               603-271-1269
                                                               Email: amanda.palmeira@doj.nh.gov
                                                               *TERMINATED: 03/11/2022*

                                                               **Samuel R. V. Garland**
                                                               NH Attorney General's Office (Civil)
                                                               Civil Bureau
                                                               33 Capitol St
                                                               Concord, NH 03301-6397
                                                               603 271-3650
                                                               Email: samuel.rv.garland@doj.nh.gov
                                                               *ATTORNEY TO BE NOTICED*

V.

**Consol Defendant**

**Lisbon, NH, Town of**                       represented by   **Debra Weiss Ford**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Naomi N. Butterfield**
                                                               (See above for address)
                                                               *TERMINATED: 07/15/2022*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Samuel H. Martin**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

**Consol Defendant**

**New Hampshire Department of Justice**      represented by   **Samuel R. V. Garland**
*TERMINATED: 05/02/2022*                                       (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

**App. 2**

**Intervenor**

**Eugene Volokh**                         represented by   **Eugene Volokh**
                                                    UCLA School of Law
                                                    385 Charles E. Young Drive
                                                    Los Angeles, CA 90095-1458
                                                    310-206-3926
                                                    Email: volokh@law.ucla.edu
                                                    PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 11/15/2021 | 1 R | NOTICE OF REMOVAL with Jury Demand from Grafton County Superior Court, case number 215-2021-cv-00252 (filing fee $402, receipt number BNHDC-2183822) filed by Town of Lisbon. Answer Follow Up on 12/6/2021. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). State Court Record Follow Up 11/29/2021. (Attachments: # 1 R Exhibit State Court Summons, # 2 Exhibit State Court Complaint, # 3 R Notice of Filing of Notice of Removal to Plaintiff's Counsel, # 4 R Notice of Filing of Notice of Removal to State Court, # 5 R Civil Cover Sheet)(Ford, Debra) (Additional attachment(s) added on 12/1/2021: # 6 R Exhibit 1-2 - State Court Complaint - REDACTED) (jb). (Entered: 11/15/2021) |
| 11/15/2021 | | Case assigned to Judge Joseph N. Laplante. The case designation is: 1:21-cv-944-JL. Please show this number with the judge designation on all future pleadings. (ed) (Entered: 11/15/2021) |
| 11/15/2021 | | NOTICE. This case has been designated for Electronic Case Filing. All further submissions shall be filed in compliance with the Administrative Procedures for Electronic Case Filing. Pro se litigants are not required to file electronically and may continue to file documents in paper format. Persons filing electronically are strongly encouraged to complete the interactive training modules available on the courts website. To access these modules, click HERE. Pursuant to Local Rule 81.1(a) and (b), answers and motions filed in the state court will not be considered unless refiled in this court. Please note that all filings in this District must comply with Local Rule 7. The Local Rules and Administrative Procedures for ECF can be downloaded from our website HERE.(ed) (Entered: 11/15/2021) |
| 11/16/2021 | 2 | NOTICE of Attorney Appearance by Samuel H. Martin on behalf of Lisbon, NH, Town of Attorney Samuel H. Martin added to party Lisbon, NH, Town of(pty:dft).(Martin, Samuel) (Entered: 11/16/2021) |
| 11/16/2021 | 3 | Assented to MOTION to Extend Time to Answer to 12/22/2021 filed by Lisbon, NH, Town of.(Martin, Samuel) (Entered: 11/16/2021) |
| 11/16/2021 | | **ENDORSED ORDER granting 3 Assented to Motion to Extend Time to Answer to 12/22/2021. *Text of Order: Motion to Extend Time to Answer is granted. For the reasons stated in the motion, the court finds good cause to extend the deadline for issuing the scheduling order pursuant to Fed. R. Civ. P. 16(b).* So Ordered by Judge Joseph N. Laplante. Answer Follow Up on 12/22/2021. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(ko)** (Entered: 11/18/2021) |
| 11/19/2021 | 4 R | Fully Assented to Motion for Redaction. (Assented to MOTION for Protective Order *to Redact*) filed by John Doe.(Meier, Christopher) Modified on 11/19/2021 to modify docket text to reflect title on pleading(ko). (Entered: 11/19/2021) |

**App. 3**

| | | |
|---|---|---|
| 11/23/2021 | | **ENDORSED ORDER granting 4 R Fully Assented to Motion for Redaction. (Assented to MOTION for Protective Order to Redact). *Text of Order: Granted. Parties to provide a redacted copy of the requested document to the court to attach to the docket entry.* So Ordered by Judge Joseph N. Laplante.**(jb) (Entered: 11/23/2021) |
| 12/10/2021 | 5 | Assented to MOTION to Amend *Complaint to Add Party Defendant* filed by John Doe. (Attachments: # 1 First Amended Complaint and Jury Demand, # 2 Summons in Civil Action)(Meier, Christopher) (Entered: 12/10/2021) |
| 12/13/2021 | | **ENDORSED ORDER granting 5 Assented to MOTION to Amend Complaint to Add Party Defendant. *Text of Order: Granted. Within 48 hours counsel shall electronically refile the pleading attached to the Motion for Leave to File using the appropriate event in CMECF.* So Ordered by Judge Joseph N. Laplante.**(ko) (Entered: 12/14/2021) |
| 12/14/2021 | 6 R | AMENDED COMPLAINT against New Hampshire Department of Justice with jury demand filed by John Doe. (Attachments: # 1 Exhibit Summons-NH Department of Justice)(Meier, Christopher) (Entered: 12/14/2021) |
| 12/15/2021 | 7 | Summons issued electronically as to New Hampshire Department of Justice. **NOTICE: Counsel shall print and serve the summons and all attachments in accordance with Fed. R. Civ. P. 4.** (Attachments: # 1 Notice ECF) (ed) (Entered: 12/15/2021) |
| 12/16/2021 | 8 R | Certified Copies of State Court Record. State Court Case No. 215-2021-cv-00252, Grafton County Superior Court(Martin, Samuel) (Entered: 12/16/2021) |
| 12/21/2021 | 9 | ANSWER to 6 R Amended Complaint with jury demand filed by Lisbon, NH, Town of.(Martin, Samuel) (Entered: 12/21/2021) |
| 01/03/2022 | 10 | AFFIDAVIT of Service of First Amended Complaint as to New Hampshire Department of Justice by John Doe. Served/Mailed on 12/17/2021. Answer Follow Up on 1/7/2022. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Meier, Christopher) (Entered: 01/03/2022) |
| 01/07/2022 | 11 | MOTION to Dismiss filed by New Hampshire Department of Justice. Attorney Amanda Palmeira added to party New Hampshire Department of Justice(pty:dft).Follow up on Objection on 1/21/2022. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Palmeira, Amanda) (Entered: 01/07/2022) |
| 01/11/2022 | | NOTICE OF VIDEO PRETRIAL CONFERENCE. **The preliminary pretrial conference will not be canceled and at least one counsel for each party will be required to attend. While not mandatory, the court prefers that the Joint Discovery Plan filed in accordance with Fed. R. Civ. P. 26(f) specify a summary judgment deadline which falls after the close of discovery, but at least 120 days before trial.** Pretrial Conference set for 2/10/2022 at 03:30 PM via before Judge Joseph N. Laplante. Follow up on Discovery Plan 2/3/2022. Please note pursuant to Title 28 USC 636(c) and Local Rule 73.1, the parties may consent to have the case reassigned to the Magistrate Judge, but are free to withhold consent without adverse consequences. (ko) (Entered: 01/11/2022) |
| 01/20/2022 | 12 | Assented to MOTION to Extend Time to Object/Respond to 11 MOTION to Dismiss to 02/04/2022 filed by John Doe.(Meier, Christopher) (Entered: 01/20/2022) |
| 01/20/2022 | | **ENDORSED ORDER granting 12 Assented to MOTION to Extend Time to Object/Respond to 11 MOTION to Dismiss to 02/04/2022. *Text of Order: Granted.* So Ordered by Judge Joseph N. Laplante. Follow up on Objection on 2/4/2022.** |

| | | **The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(ko)** (Entered: 01/20/2022) |
|---|---|---|
| 02/03/2022 | 13 | Proposed Discovery Plan *Jointly* filed by John Doe. (Meier, Christopher) (Entered: 02/03/2022) |
| 02/03/2022 | 14 | **PROCEDURAL ORDER re Preliminary Pretrial Conference scheduled for February 10, 2022 at 3:30 p.m. before Judge Joseph N. Laplante. So Ordered by Judge Joseph N. Laplante.(jb)** (Entered: 02/03/2022) |
| 02/03/2022 | 15 **R** | OBJECTION to 11 MOTION to Dismiss filed by John Doe. Follow up on Reply on 2/10/2022. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Meier, Christopher) (Entered: 02/03/2022) |
| 02/04/2022 | | **ENDORSED ORDER reviewing 13 Proposed Discovery Plan Jointly. *Text of Order: Reviewed.* So Ordered by Judge Joseph N. Laplante.(jb)** (Entered: 02/07/2022) |
| 02/08/2022 | 16 | Potential CONSOLIDATION Notice. Cases 1:21-cv-944-JL; 1:22-cv-43-SM reference each other as related cases and may be consolidated. Objections to Consolidation due 3/19/2022. (mc) (Entered: 02/08/2022) |
| 02/09/2022 | 17 **R** | MOTION to Voluntarily Dismiss *without Prejudice* filed by John Doe.Follow up on Objection on 2/23/2022. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Meier, Christopher) Modified on 2/9/2022 to add: voluntarily to docket text(ko). (Entered: 02/09/2022) |
| 02/10/2022 | 18 | NOTICE of Attorney Appearance by Samuel R. V. Garland on behalf of New Hampshire Department of Justice Attorney Samuel R. V. Garland added to party New Hampshire Department of Justice(pty:dft).(Garland, Samuel) (Entered: 02/10/2022) |
| 02/10/2022 | 19 **R** | REPLY to Objection to Motion re 11 MOTION to Dismiss filed by New Hampshire Department of Justice. Surreply due by 2/15/2022. (Garland, Samuel) Modified on 2/15/2022 to correct link to motion(ko). (Entered: 02/10/2022) |
| 02/10/2022 | | Minute Entry for proceedings held before Judge Joseph N. Laplante. PRETRIAL CONFERENCE held via video-conference on 2/10/2022. Order to issue. (Pltfs Atty: Christopher T. Meier) (Defts Atty: Naomi N. Butterfield, Samuel H. Martin, Debra Weiss Ford, Samuel R. V. Garland)(Total Hearing Time: 38 minutes) (jb) (Entered: 02/10/2022) |
| 02/17/2022 | 20 | **ORDER approving (with changes) 13 Proposed Discovery Plan. Case Track: Standard. So Ordered by Judge Joseph N. Laplante. Dispositive Motion Filing Deadline 3/31/2022. Discovery deadline 11/1/2022. Mediation Follow Up on 10/3/2022. Mid-Litigation Discovery Status Conference set for 10/14/2022 at 02:00 PM before Judge Joseph N. Laplante. Joint Statement regarding the status of discovery due by 10/12/2022. Summary Judgment Motions due by 12/1/2022. (jb) (Entered: 02/17/2022)** |
| 02/17/2022 | | **TRIAL NOTICE:** Pretrial Statements due 3/7/2023. LR 16.2(d) Objections due 3/21/2023. Jury Selection/Trial set for two week period beginning 4/4/2023 at 09:30 AM before Judge Joseph N. Laplante. Final Pretrial Conference set for 3/28/2023 at 02:00 PM before Judge Joseph N. Laplante. (jb) (Entered: 02/17/2022) |
| 02/23/2022 | 21 **R** | OBJECTION to 17 **R** MOTION to Dismiss *without Prejudice* filed by Lisbon, NH, Town of. Follow up on Reply on 3/2/2022. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Ford, Debra) (Entered: 02/23/2022) |

| 02/23/2022 | 22 R | RESPONSE to Motion re 17 R MOTION to Dismiss *without Prejudice* filed by New Hampshire Department of Justice. (Garland, Samuel) (Entered: 02/23/2022) |
|---|---|---|
| 02/24/2022 | | NOTICE re: 11 MOTION to Dismiss, 17 R MOTION to Dismiss *without Prejudice*. Motion Hearing set for 3/31/2022 at 10:00 AM via video before Judge Joseph N. Laplante.(ko) Modified on 2/24/2022 to add: via video(ko). (Entered: 02/24/2022) |
| 03/11/2022 | 23 | NOTICE of Attorney Withdrawal by Amanda Palmeira on behalf of New Hampshire Department of Justice(Palmeira, Amanda) (Entered: 03/11/2022) |
| 03/11/2022 | 24 | NOTICE of Attorney Withdrawal by Amanda Palmeira on behalf of New Hampshire Department of Justice(Palmeira, Amanda) (Entered: 03/11/2022) |
| 03/31/2022 | | Minute Entry for proceedings held before Judge Joseph N. Laplante. MOTION HEARING held on 3/31/2022 re 11 MOTION to Dismiss, 17 R MOTION to Dismiss *without Prejudice*. Motions Under Advisement. (Court Reporter: Liza Dubois) (Pltfs Atty: Christopher T. Meier) (Defts Atty: Samuel H. Martin, Naomi N. Butterfield, Samuel R. V. Garland)(Total Hearing Time: 25 minutes) (ko) (Entered: 03/31/2022) |
| 04/18/2022 | 25 R | STIPULATION re 16 Consolidation Notice, 17 R MOTION to Dismiss *without Prejudice*, 11 MOTION to Dismiss by John Doe(Meier, Christopher) (Entered: 04/18/2022) |
| 04/20/2022 | | **ENDORSED ORDER approving 25 R Stipulation re 16 Consolidation Notice, 17 R MOTION to Dismiss without Prejudice, 11 MOTION to Dismiss. *Text of Order: Approved, provided that the court's understanding of the stipulation is accurate: that it effectuates the remand to state court of all claims save for civil rights claims for damages (Counts 1 and 2) against the Town and Counts 5 and 6. If this understanding is inaccurate, the parties shall jointly notify the Deputy Clerk or file an amended stipulation on or before April 27, 2022. So Ordered by Judge Joseph N. Laplante.*(jb)** (Entered: 04/20/2022) |
| 04/21/2022 | 26 | MOTION to Intervene with Memorandum of Law filed by Eugene Volokh. Served on 4/21/2022.Follow up on Objection on 5/5/2022. include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 R Memorandum of Law, # 2 R Email receipt for pleadings)(jb) (Entered: 04/21/2022) |
| 04/21/2022 | 27 | MOTION to Unseal and Oppose Pseudonymity with Memorandum of Law filed by Eugene Volokh. Served on 4/21/2022.Follow up on Objection on 5/5/2022. (Attachments: # 1 R Memorandum of Law, # 2 Email receipt for pleadings)(jb) (Entered: 04/21/2022) |
| 05/02/2022 | 28 R | **CONSOLIDATION ORDER. 21-cv-944-JL and 22-cv-43-SM are consolidated into one case. 22-cv-43-SM is statistically closed. So Ordered by Judge Joseph N. Laplante.(jb)** (Entered: 05/02/2022) |
| 05/02/2022 | | **///ENDORSED ORDER granting 17 R MOTION to Voluntarily Dismiss without Prejudice. *Text of Order: Granted.* So Ordered by Judge Joseph N. Laplante.(jb)** (Entered: 05/02/2022) |
| 05/02/2022 | 29 R | CONSOLIDATED COMPLAINT against Lisbon, NH, Town of filed by John Doe.(jb) (Additional attachment(s) added on 5/6/2022: # 1 R State Complaint) (jb). (Entered: 05/02/2022) |
| 05/02/2022 | | **ENDORSED ORDER dismissing 11 Motion to Dismiss. *Text of Order: Dismissed as moot.* So Ordered by Judge Joseph N. Laplante.(jb)** (Entered: 05/02/2022) |
| 05/02/2022 | 30 R | ANSWER to 29 R Consolidated Complaint with jury demand filed by Lisbon, NH, |

| | | |
|---|---|---|
| | | Town of.(jb) (Entered: 05/02/2022) |
| 05/02/2022 | 31 Ⓡ | CASE REMANDED (certain counts) to Grafton County County Superior Court. Certified copy of order and docket entries to State Court Clerk. (jb) (Entered: 05/02/2022) |
| 05/05/2022 | 32 Ⓡ | OBJECTION to 26 MOTION to Intervene as Other filed by John Doe. Follow up on Reply on 5/12/2022. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Meier, Christopher) (Entered: 05/05/2022) |
| 05/05/2022 | 33 Ⓡ | OBJECTION to 27 MOTION to Unseal and Oppose Pseudonymity with Memorandum of Law filed by John Doe. Follow up on Reply on 5/12/2022. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Ⓡ Exhibit 1 - EES List, # 2 Ⓡ Exhibit 2 - NH AG Memo) (Meier, Christopher) (Entered: 05/05/2022) |
| 05/11/2022 | 34 Ⓡ | REPLY to 32 Ⓡ Objection to 26 MOTION to Intervene as Other filed by Eugene Volokh. Surreply due by 5/16/2022. (Attachments: # 1 Email confirmation)(jb) (Entered: 05/11/2022) |
| 05/11/2022 | 35 Ⓡ | REPLY to 33 Ⓡ Objection to 27 MOTION to Unseal and Oppose Pseudonymity with Memorandum of Law filed by Eugene Volokh. Surreply due by 5/16/2022. (Attachments: # 1 Email confirmation)(jb) (Entered: 05/11/2022) |
| 05/12/2022 | | **ENDORSED ORDER re 34 Ⓡ Reply to to 32 Ⓡ Objection to 26 MOTION to Intervene as Other, 35 Ⓡ Reply to 33 Ⓡ Objection to 27 MOTION to Unseal and Oppose Pseudonymity with Memorandum of Law.** *Text of Order: Proposed Intervenor Volokh filed replies in further support of his motion to intervene and motion to unseal without seeking prior leave of court, as required by Local Rule 7.1(e)(2). The court nevertheless accepts the replies and grants the plaintiff leave to file surreplies, if he so chooses, on or before May 16, 2022.* **So Ordered by Judge Joseph N. Laplante. (Surreply due by 5/16/2022.)(ko)** (Entered: 05/12/2022) |
| 05/17/2022 | | NOTICE re: 26 Motion to Intervene with Memorandum of Law, 27 MOTION to Unseal and Oppose Pseudonymity with Memorandum of Law. Motion Hearing set for 6/13/2022 at 10:00 AM before Judge Joseph N. Laplante.(ko) (Entered: 05/17/2022) |
| 06/01/2022 | 36 | Assented to MOTION to Continue Hearing on Motions filed by Lisbon, NH, Town of.Follow up on Objection on 6/15/2022. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Martin, Samuel) (Entered: 06/01/2022) |
| 06/03/2022 | | **ENDORSED ORDER granting re 36 Assented to MOTION to Continue Hearing on Motions.** *Text of Order: Granted.* **So Ordered by Judge Joseph N. Laplante. Video Motion Hearing reset for 6/15/2022 at 10:00 AM before Judge Joseph N. Laplante.(ko)** (Entered: 06/03/2022) |
| 06/15/2022 | | Minute Entry for proceedings held before Judge Joseph N. Laplante. MOTION HEARING held on 6/15/2022 re 26 MOTION to Intervene as Other, 27 MOTION to Unseal and Oppose Pseudonymity with Memorandum of Law. Order to issue. (Court Reporter: Susan Bateman) (Pltfs Atty: Christopher T. Meier) (Defts Atty: Samuel H. Martin)(Intervenor: Eugene Volokh)(Total Hearing Time: 45 minutes) (ko) (Entered: 06/15/2022) |
| 06/23/2022 | 37 Ⓡ | **ORDER granting 26 Motion to Intervene; denying without prejudice 27 Motion to Unseal and Oppose Pseudonymity. So Ordered by Judge Joseph N. Laplante.(jb)** (Entered: 06/23/2022) |

**App. 7**

| 06/23/2022 | | ENTERED IN ERROR - WRONG CASE. - DISREGARD. Anthony Carr and Todd Hathaway advised case resolved. Agreement for entry of judgment or a stipulation of dismissal to be filed within 30 days or the court will dismiss the case with prejudice. Case Resolution Deadline 7/25/2022. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(jb) Modified on 6/23/2022 to add entered in error text (jb). (Entered: 06/23/2022) |
|---|---|---|
| 06/24/2022 | [38](#) | NOTICE OF INTERLOCUTORY APPEAL as to [37](#) **R** Order on Motion to Intervene, Order on Motion to Unseal and Oppose Pseudonymity by Eugene Volokh. (ko) (Entered: 06/24/2022) |
| 06/25/2022 | [39](#) **R** | Intervenor's MOTION to Participate in Electronic Filing filed by Eugene Volokh. Served on 6/25/2022. Follow up on Objection on 7/11/2022. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(ko) (Entered: 06/27/2022) |
| 06/29/2022 | | Fee paid: $ 505.00 (Credit Card), receipt number 14649021444 re [38](#) Intervenor's Notice of Interlocutory Appeal by Eugene Volokh. (ko) (Entered: 07/01/2022) |
| 07/01/2022 | [40](#) **R** | Appeal Cover Sheet as to [38](#) Notice of Interlocutory Appeal filed by Intervenor Eugene Volokh. (ko) (Entered: 07/01/2022) |
| 07/01/2022 | [41](#) **R** | Clerk's Certificate transmitting Record on Appeal to US Court of Appeals, documents numbered 37, 38, and 40, re [38](#) Notice of Interlocutory Appeal.(ko) (Entered: 07/01/2022) |
| 07/05/2022 | | Appellate Case Number: Court of Appeals No. 22-1525 re [38](#) Notice of Interlocutory Appeal filed by Eugene Volokh.(ko) (Entered: 07/05/2022) |
| 07/12/2022 | | **ENDORSED ORDER granting [39](#) R Intervenor's MOTION to Participate in Electronic Filing. *Text of Order: Granted.* So Ordered by US Magistrate Judge Andrea K Johnstone.(jb)** (Entered: 07/12/2022) |
| 07/14/2022 | [42](#) | Assented to MOTION for Butterfield to Withdraw as Attorney filed by Lisbon, NH, Town of.(Butterfield, Naomi) (Entered: 07/14/2022) |
| 07/15/2022 | | **ENDORSED ORDER granting [42](#) Motion for Butterfield to Withdraw as Attorney. *Text of Order: Granted.* So Ordered by Judge Joseph N. Laplante.(jb)** (Entered: 07/15/2022) |
| 07/19/2022 | [43](#) | TRANSCRIPT of Proceedings for Motion Hearing held on 6/15/2022. Court of Appeals Docket Number 22-01525. Court Reporter: Susan Bateman, Telephone # 603 225-1453. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90-day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.**<br><br>Redaction Request Follow Up 8/9/2022. Redacted Transcript Follow Up 8/19/2022. Release of Transcript Restriction set for 10/14/2022.(ko) (Entered: 07/19/2022) |
| 08/29/2022 | | NOTICE of Video Hearing. Status Conference set for 8/30/2022 at 02:00 PM before Judge Joseph N. Laplante.(ko) (Entered: 08/29/2022) |

| 08/30/2022 | Minute Entry for proceedings held before Judge Joseph N. Laplante. STATUS CONFERENCE held on 8/30/2022. (Pltfs Atty: Christopher T. Meier) (Defts Atty: Samuel H. Martin)(Intervenor: Eugene Volokh)(Total Hearing Time: 5 minutes) (ko) (Entered: 08/30/2022) |

<table>
<tr><td colspan="4" align="center">**PACER Service Center**</td></tr>
<tr><td colspan="4" align="center">**Transaction Receipt**</td></tr>
<tr><td colspan="4" align="center">09/08/2022 11:23:01</td></tr>
<tr><td>**PACER Login:**</td><td>eugenevolokh</td><td>**Client Code:**</td><td></td></tr>
<tr><td>**Description:**</td><td>Docket Report</td><td>**Search Criteria:**</td><td>1:21-cv-00944-JL</td></tr>
<tr><td>**Billable Pages:**</td><td>8</td><td>**Cost:**</td><td>0.80</td></tr>
</table>

# THE STATE OF NEW HAMPSHIRE

GRAFTON, SS                                                   SUPERIOR COURT
                                                             DOCKET NO. 215-2022-CV-00014

**JOHN DOE,**
**Plaintiff,**

v.

**TOWN OF LISBON, and**
**NEW HAMPSHIRE DEPARTMENT OF JUSTICE,**
**Defendants.**

## COMPLAINT and
## JURY DEMAND

NOW COMES the Plaintiff, John Doe ( hereinafter "John Doe" or "Doe"), and

respectfully petitions the Court and files this Complaint pursuant to RSA 105:13-d, Part 1 Article

15 of The New Hampshire Constitution and the Fourteenth Amendment of the United States

Constitution, and other applicable law, to order and compel the Defendant the Town of Lisbon to

withdraw its EES Notification to the New Hampshire Department of Justice, to compel the Town

and/or the New Hampshire Department of Justice to remove and/or cause the removal of plaintiff

Doe from the so-called Exculpatory Evidence Schedule (also known as the "Laurie List"), and

overturn the disciplinary finding which resulted in Doe's placement on the EES, as it was

accomplished upon unsubstantiated allegations, without appropriate notice and hearing, and

without appropriate due process afforded to Plaintiff Doe.  **The plaintiff Doe requests a jury**

**trial on all counts so triable.**

In support of this petition, Plaintiff Doe states as follows:

## PARTIES

1.     The Plaintiff, John Doe ("Doe"), is a natural person and a New Hampshire resident with a

residential address in Grafton County, and a mailing address through counsel at Cooper

**App. 10**

Cargill Chant, P.A., 2935 White Mountain Highway, North Conway, NH 03860.

2.    The Defendant, Town of Lisbon (the "Town"), is a municipal corporation with a

principal place of business and mailing address of 46 School St, Lisbon, New Hampshire

03585.

3.    The Defendant, New Hampshire Department of Justice ("NHDOJ"), is a division and

agency of the State of New Hampshire, with an address and principal place of business at

33 Capitol Street, Concord, Merrimack County, New Hampshire 03301.

## JURISDICTION AND VENUE

4.    The State Court has personal jurisdiction over the parties and subject matter jurisdiction

pursuant to RSA 491:7 and 498:12.

5.    Venue is and was appropriate in Grafton County, and New Hampshire, as the plaintiff

and defendant are located in Grafton County, New Hampshire.

## FACTUAL BACKGROUND

6.    On or about March 30, 2009, the Plaintiff Doe was hired by the Town of Lisbon as a full-

time Police Patrolman.

<u>Past Issues</u>

7.    Officer Doe's issues with the Department began when Officer Doe requested

reimbursement for his ballistic vest, which the Department refused in 2011.

8.    When Officer Doe's ballistic vest was at the end of its operational life in 2016, Officer

Doe again asked for a ballistic vest at Town expense, which again was refused despite

purchases for other officers (including the Chief).  When Officer Doe complained about

the vest issue, he was disciplined.

9.    Officer Doe only received a new ballistic vest after retaining counsel, and making

**App. 11**

demand through counsel.

<u>Current Issue</u>

10.     Generally, RSA 106-L:6, VII and IX requires police officers to pass a fitness test every three (3) years.

11.     Standard operating procedure, practice, and custom, allowed police officers in the Town of Lisbon (and elsewhere in New Hampshire) to perform their fitness test with nearby police departments to allow better availability.

12.     Accordingly, on October 15, 2020, Officer Doe conducted his fitness test with the Chief of the Bethlehem Police Department.

13.     Officer Doe passed his fitness test, and submitted the form signed by the Bethlehem PD Chief to the State of New Hampshire Police Standards and Training Council ("Council").

14.     On October 21, 2020, the Council sent officer Doe a letter verifying receipt, compliance with the requirements, and noting that Officer Doe would next need to test in 2023. This letter was carbon copied to Chief Benjamin Bailey of the Lisbon Police Department.

15.     In response, Chief Bailey contacted the Council and invalidated Officer Doe's passing test, despite the procedure, practice, and custom allowing an off-site test.

16.     On or about December 4, 2020, Plaintiff Doe received both a Verbal Warning and a Written Warning for failure to perform a physical fitness test, despite Plaintiff Doe's prior passing fitness test with the Bethlehem Chief, and the procedure, practice, and custom allowing the same.

17.     On the same day, Plaintiff Doe also received a warning about failing to turn off lights. On or about December 9, 2020, Plaintiff Doe received a letter from Chief Bailey stating he was being placed on Paid Administrative Leave pending an "internal investigation."

**App. 12**

18.     Plaintiff Doe fully cooperated with the internal investigation.

19.     On or about December 14, 2020, Plaintiff Doe received a letter from the Council indicating that his approval was withdrawn and he needed to perform another physical fitness test, upon information and belief because of the actions of Chief Bailey.

20.     On December 22, 2020, Plaintiff Doe was interviewed.

21.     On or about January 5, 2021, Plaintiff Doe received a letter from Chief Bailey indicating that he was recommending disciplinary action to the Board of Selectmen, up to and including termination.

22.     The same day, Plaintiff Doe received a notification that his certification as a police officer was being suspended.

23.     On January 11, 2021, Plaintiff Doe met with the Selectmen in non-public session.

24.     On or about January 14, 2021 the Plaintiff Doe was terminated as a police officer, and received a letter of termination from the Town of Lisbon.

25.     On the same day, Chief Bailey sent a letter to the Criminal Justice Bureau of the NHDOJ, entitled "**EES NOTIFICATION**", and indicating that a "determination has been made that [Plaintiff Doe] has engaged in conduct that may be subject to disclosure pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *State v. Laurie*, 139 N.H. 325 (1995)." (the "EES Notification").

26.     Subsequent to his termination and the EES Notification, Doe learned that the Town or its designee had conducted an Internal Administrative Investigation ("IAI"), issued an IAI Report, and had based its decision to terminate DOE and issue the EES Notification was made on the basis of the IAI.

27.     At no time prior to his termination or the issuance of the EES Notification had Doe been

**App. 13**

informed of the IAI, or provided a copy of the IAI Report which formed the basis for his termination and the EES Notification.

28.    Upon information and belief, the NHDOJ maintains a statewide so-called EES or Exculpatory Evidence Schedule, formerly known as the "Laurie List", which consists of a spreadsheet of police officers regarding whom such EES Notifications have been issued.

29.    EES notification, and placement and maintenance of a police officer upon the EES, each have a substantially detrimental effect on the career and livelihood of any such police officer, whether such placement was warranted or not, including without limitation additional difficulties in obtaining a job in law enforcement.

30.    Chief Bailey's EES Notification, and placement and maintenance of Plaintiff Doe upon the EES each have, and is likely to have in the future, a substantially detrimental effect on Plaintiff Doe's career and livelihood, including without limitation additional difficulties in obtaining a job in law enforcement.

31.    At no time prior to the EES Notification had Plaintiff Doe been notified that any investigation, his interview, or his meeting with the Board of Selectmen, could potentially result in an EES Notification or his inclusion on the EES.

32.    Plaintiff Doe was not given or offered any opportunity to appeal such a finding prior to the EES Notification being sent to NHDOJ.

33.    Plaintiff Doe was not given the opportunity to assess or question his accusers, which testimony formed the basis of the determination underlying the EES Notification.

34.    Plaintiff Doe asserts that the basis for the EES Notification was not based upon fact, and therefore is unfounded and cannot be sustained.

35.    Moreover, Plaintiff Doe asserts that if he was given the opportunity to question witnesses

5

**App. 14**

and appeal, the basis for the EES Notification would not be sustained.

36.  Plaintiff Doe further asserts that even if even if the findings underlying the EES

Notification were sustained, the actions alleged are not sufficient for an EES Notification

or inclusion on the EES.  In other words, the alleged underlying conduct is not potentially

exculpatory.

37.  Plaintiff Doe asserts that the EES Notification was accomplished not based upon fact but

because of the personal bias of the Chief against Plaintiff Doe, and in retaliation for

complaints that he has made in the past.

38.  The Plaintiff Doe's ability to secure future employment in the law enforcement field has

been severely hindered by his addition to the EES, will cause undue damage to his

reputation, and is in direct violation of his constitutional civil rights, including without

limitation his substantive and procedural due process rights.


## CLAIMS FOR RELIEF

### COUNT I
### VIOLATION OF PROCEDURAL DUE PROCESS

39.  The Plaintiff repeats and realleges the facts set forth in the previous Paragraphs as if fully

set forth herein.

40.  The actions of the Town of Lisbon and its Chief of Police and each of them, including

without limitation the EES Notification with intent that Plaintiff Doe be placed on the

EES a/k/a Laurie List, without notice, without a hearing where Plaintiff Doe knew in

advance that EES Notification was a potential outcome, without a decision by a neutral

decisionmaker, without any ability to appeal, and upon assertions of fact which are not

potentially exculpatory, were a violation of the Plaintiff Doe's procedural due process

**App. 15**

rights afforded to him by the Fifth and Fourteenth Amendments to the United States Constitution, and the New Hampshire Constitution.

41.  Additionally and alternatively, the actions of the NHDOJ, including without limitation accepting the plaintiff for placement upon the EES, and in fact placing plaintiff on the EES, under the circumstances as outlined herein, were a violation of the Plaintiff Doe's procedural due process rights afforded to him by the Fifth and Fourteenth Amendments to the United States Constitution, and the New Hampshire Constitution.

42.  Alternatively and/or in addition, the rules, regulations, policies, procedures, customs, and/or usage of the defendant(s) which allowed or directed the EES Notification under these circumstances were and are a violation of the Plaintiff Doe's procedural due process rights afforded to him by the Fifth and Fourteenth Amendments to the United States Constitution, and the New Hampshire Constitution.

43.  As a direct and proximate result of such violations, the Plaintiff Doe has been caused to and continues to suffer damages.

44.  Pursuant to the Fifth and Fourteenth Amendments to the United States Constitution, the New Hampshire Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1983, and Title 42 generally, the Plaintiff Doe is entitled to damages, attorneys' fees, and injunctive relief, including without limitation withdrawal of the EES Notification and removal from the EES, as against the defendants, and each of them.

COUNT II
VIOLATION OF SUBSTANTIVE DUE PROCESS

45.  The Plaintiff repeats and realleges the facts set forth in the previous Paragraphs as if fully set forth herein.

46.  The actions of the Town of Lisbon and its Chief of Police and each of them, including

7

**App. 16**

without limitation the EES Notification with intent that Plaintiff Doe be placed on the EES a/k/a Laurie List, was a violation of the Plaintiff Doe's substantive due process rights afforded to him by the Fifth and Fourteenth Amendments to the United States Constitution, and the New Hampshire Constitution, namely plaintiff Doe's right to work.

47.     Additionally and alternatively, the actions of the NHDOJ, including without limitation accepting the plaintiff for placement upon the EES, and in fact placing plaintiff on the EES, under the circumstances as outlined herein, were a violation of the Plaintiff Doe's procedural due process rights afforded to him by the Fifth and Fourteenth Amendments to the United States Constitution, and the New Hampshire Constitution.

48.     Alternatively and/or in addition, the rules, regulations, policies, procedures, customs, and/or usage of the defendant(s) which allowed or directed the EES Notification under these circumstances were and are a violation of the Plaintiff Doe's procedural due process rights afforded to him by the Fifth and Fourteenth Amendments to the United States Constitution, and the New Hampshire Constitution.

49.     As a direct and proximate result of such violations, the Plaintiff Doe has been caused to and continues to suffer damages.

50.     Pursuant to the Fifth and Fourteenth Amendments to the United States Constitution, the New Hampshire Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1983, and Title 42 generally, the Plaintiff Doe is entitled to damages, attorneys' fees, and injunctive relief, including without limitation withdrawal of the EES Notification and removal from the EES, as against the defendants, and each of them.

<u>COUNT III</u>
<u>DECLARATORY RELIEF</u>

51.     The Plaintiff repeats and realleges the facts set forth in the previous Paragraphs as if fully

8

**App. 17**

set forth herein.

52.    The plaintiff claims a present legal and equitable right to removal from the EES, as

against the defendants, and each of them, who claim adversely to such right.

53.    Based upon the facts and circumstances as asserted herein, the plaintiff is entitled,

pursuant to RSA 491:22 and other law, to a declaratory judgment and decree that he

should not and shall not be maintained upon the EES.

<u>COUNT IV</u>
<u>WRIT OF MANDAMUS</u>

54.    The Plaintiff repeats and realleges the facts set forth in the previous Paragraphs as if fully

set forth herein.

55.    Based upon the facts and circumstances as asserted herein, the plaintiff was improperly

added to, and is being improperly maintained upon, the EES.

56.    Based upon the facts and circumstances as asserted herein, the plaintiff is entitled to a

writ of mandamus and decree compelling the defendants, and each of them, to remove

plaintiff from the EES.

<u>COUNT V</u>
<u>LIBEL, SLANDER, AND DAMAGE TO REPUTATION – AGAINST TOWN ONLY</u>

57.    The Plaintiff repeats and realleges the facts set forth in the previous Paragraphs as if fully

set forth herein.

58.    The basis for the EES Notification and the statements within the EES Notification made

by the defendant, are, and were, untrue statements about Plaintiff, purporting to be fact.

59.    The EES Notification was a publication of such untrue, libelous, and defamatory

statement.

60.    Such untrue, libelous, and defamatory statements have caused and are continuing to cause

**App. 18**

injury and damage to the plaintiff and his reputation.

61.    The Town and Chief knew or should have known that the EES Notification and the

statements within the EES Notification were untrue, and would cause the plaintiff harm,

at the time such statements were made.

62.    At all times relevant, the Town employed the Chief, and is vicariously liable for his

actions as outlined herein.

63.    The plaintiff is entitled to an award of damages against the Town in the amount of his

damages suffered as a result of the untrue, libelous, and slanderous statements.

COUNT VI
ATTORNEY'S FEES – AGAINST TOWN ONLY

64.     The Plaintiff repeats and realleges the facts set forth in the previous Paragraphs as if

fully set forth herein.

65.    The violations of the Defendant herein are clear and unmitigated.

66.    Accordingly, the Plaintiff was forced to file this lawsuit to establish, protect, and secure

his clearly defined and established rights.

67.    The Plaintiff is entitled to an award of the attorneys' fees and costs expended to this

matter.

**DEMAND FOR JURY TRIAL**

The Plaintiff respectfully request a trial by jury on all counts and issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully requests that this Court enter an order and

judgment:

A.        Compelling the defendant to withdraw its EES Notification;

B.      Overturning the decision of the Town and finding that the plaintiff did not engage in the conduct that resulted in the EES Notification;

C.      Declaring that the alleged underlying misconduct is not potentially exculpatory;

D.      Declaring and compelling that the Plaintiff Doe be removed from the EES a/k/a Laurie List;

E.      Granting permanent injunctive relief compelling the defendant Town to withdraw its EES Notification and all defendant to remove Doe from the EES a/k/a Laurie List;

F.      Enter an award to the Plaintiff of his damages as against the defendants, and each of them;

G.      Enter an award to the Plaintiff and against the Town of his reasonable attorneys' fees and other costs; and

H.      Grant such further relief as is just and equitable.

Respectfully submitted,

**PLAINTIFF,**
JOHN DOE,
By His Attorneys,
COOPER CARGILL CHANT, P.A.

/s/ Christopher T. Meier

Dated:  January 19, 2022

Christopher T. Meier, Bar ID # 17136
2935 White Mountain Highway
North Conway, New Hampshire 03860
Tel:     (603) 356-5439
Email: cmeier@coopercargillchant.com

**App. 20**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| John Doe, | |
|     Plaintiff, | Civil Action No. 1:21-cv-00944-JL |
|     v. | Notice of Appeal |
| Town of Lisbon and New Hampshire Department of Justice, | |
|     Defendant. | |

Intervenor Eugene Volokh appeals to the United States Court of Appeals for the First Circuit from the order denying intervenor's motion to unseal and oppose pseudonymity entered on June 23, 2022 (ECF No. 37).

Respectfully Submitted,

s/ Eugene Volokh

Eugene Volokh
*Pro se*
UCLA School of Law
First Amendment Clinic
385 Charles E. Young Dr. E
(310) 206-3926
volokh@law.ucla.edu
(Institutional affiliation given for identification and address purposes only)

**Certificate of Service**

I certify that today, June 24, 2022, I served this document on the parties via e-mail, with their consent.

s/ Eugene Volokh

**App. 21**