No. 22-1525

**UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT**

John Doe,
*Plaintiff-Appellee*,
v.
Eugene Volokh,
*Intervenor-Appellant*.

On Appeal from the United States District Court
for the District of New Hampshire
Case No. 1:21-cv-00944-JL

**INTERVENOR-APPELLANT'S RESPONSE TO MOTION
TO DISMISS FOR LACK OF JURISDICTION**

Eugene Volokh[*]
First Amendment Clinic
UCLA School of Law
385 Charles E. Young Dr. E
Los Angeles, CA 90095
(310) 206-3926
volokh@law.ucla.edu

\* Counsel would like to thank Ireland Larsen, a UCLA School of Law student who worked on this response.

# SUMMARY OF ARGUMENT

Volokh moved to unseal and to oppose pseudonymity in this case, asserting his common-law and First Amendment rights of access to court records. These are rights to contemporaneous access, and orders denying such access—such as the order that Volokh is now appealing—are routinely treated as collateral orders that are subject to interlocutory appeal.

## I. "Sealing and unsealing orders are reviewable under the collateral order doctrine"

"'[S]ealing and unsealing orders . . . are reviewable . . . under the collateral order doctrine.'" *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022) (ellipses in original, citation omitted); *see also Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 223 (5th Cir. 2020). Circuit after circuit has so held:

- "Although the District Court's decision [denying] NYCLU's motion to unseal the reports and vacate the standing order regarding the future sealing of reports is an interlocutory order, we have jurisdiction to review it pursuant to the collateral order doctrine." *United States v. Erie County*, 763 F.3d 235, 238 & n.5 (2d Cir. 2014).

- "'[O]rders . . . denying a motion to unseal are collateral orders within the meaning of 28 U.S.C. § 1291.'" *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 160 (3d Cir. 1993) (quoting *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 n.4 (3d Cir. 1991))..

- "[C]ourts of appeals have concluded that both sealing and unsealing orders are appealable collateral orders." *United States v. Doe*, 962 F.3d 139, 143 (4th Cir. 2020).

- "[O]rders sealing a court's records and denying public access to court documents can satisfy the collateral order doctrine." *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 592 (6th Cir. 2016); *see also Application of Nat'l Broadcasting Co., Inc.*, 828 F.3d 340, 343 (6th Cir. 1987).

- "We have jurisdiction because an order denying a motion to unseal or seal documents is appealable either as a final order under 28 U.S.C. § 1291 or as a collateral order." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016).

- "[O]rders granting motions to seal and orders denying motions to unseal pass [the collateral order] test and are thus appealable as collateral to the underlying action." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1360-61 (11th Cir. 2021) (cleaned up).

- Claims stemming from "a right of access to information asserted by" intervenors are "collateral to" "the rights of the parties to the underlying proceeding," so the court has "jurisdiction to entertain an appeal from" the order denying access. *In re Reps. Comm. for Freedom of the Press*, 773 F.2d 1325, 1330 (D.C. Cir. 1985) (Scalia, J.).

And while some of these cases involved appeals from *unsealing* decisions (but spoke about both appeals from sealing and unsealing decisions), several—*June Med. Servs.*, *Bradley*, *Erie County*, *Leucadia*, *Application of Nat'l Broadcasting Co.*, and *In re Reps. Comm. for Freedom of the Press*—themselves involved appeals from decisions sealing documents or declining to unseal documents.

This Court has followed this approach as well. In *United States v. Chin*, 913 F.3d 251, 255 (1st Cir. 2019), for instance, this Court held that an intervenor "may appeal the District Court's order denying its request for the disclosure of juror names" under "the collateral order doctrine." In *In re Boston Herald, Inc.*, 321 F.3d 174, 178 (1st Cir. 2003), this Court held that a ruling denying intervenors access to sealed judicial

3

documents was a "collateral order," which gave this Court "jurisdiction over the interlocutory appeal." And the same logic applies to appeals seeking disclosure of a party's name as to appeals seeking disclosure of any other record information: The "strong presumption against the use of pseudonyms in civil litigation" is just a special instance of the broader "common law presumption of public access to judicial proceedings and records." *Doe v. Mills*, 39 F.4th 20, 25 (1st Cir. 2022).

Though *Chin* and *Boston Herald* were criminal cases, the underlying "right of access extends to judicial records in civil proceedings." *In re Providence J. Co., Inc.*, 293 F.3d 1, n.5 (1st Cir. 2002). Indeed, all the circuits to have considered the question conclude that the right of access to civil proceedings is protected by the First Amendment as well as by the common law. *See, e.g.*, *Associated Press v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 705 F.2d 1143, 1145 (9th Cir. 1983) ("we thus find that the public and press have a first amendment right of access to pretrial documents in general"); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006); *Doe v. Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014); *Doe v. Stegall*, 653 F.2d 180, 185 & n.10 (5th Cir. Unit A Aug. 1981); *Courthouse News Serv. v. Brown*, 908 F.3d 1063 (7th Cir. 2018). And the cases cited at the start of this section were predominantly civil cases.

## II. Interlocutory appeal of sealing decisions is needed to vindicate the "immediate and contemporaneous" right of access to court records

Where a "presumption of access" applies, "access should be immediate and contemporaneous." *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994). "[T]he public interest encompasses the public's ability to make a contemporaneous review of the basis of an important decision of the district court." *Republic of the Philippines, supra*, 949 F.2d at 664. "[T]he presumption of access normally involves a right of *contemporaneous* access." *In re Continental Illinois Sec. Litig.*, 732 F.2d 1302, 1310 (7th Cir. 1984). "[T]he public interest in obtaining news is an interest in obtaining contemporaneous news." *Courthouse News Serv. v. Planet*, 947 F.3d 581, 594 (9th Cir. 2020). "To delay or postpone disclosure undermines the benefit of public scrutiny and may have the same result as complete suppression." *Lugosch*, *supra*, 435 F.3d at 127 (cleaned up).

Thus, denials of motions to unseal are "appealable under the collateral order doctrine because deferral of a ruling on appellants' claims until a final judgment" "would effectively deny appellants much of the relief they seek, namely, *prompt* public disclosure." *Lugosch*, *supra*, 435 F.3d at 118 (cleaned up). As a result, appeals of such denials fit well within the general collateral order doctrine framework. "To fit within the collateral order exception, the interlocutory order must: [i] conclusively determine the disputed question, [ii] resolve an important issue completely separate

5

from the merits of the action, and [iii] be effectively unreviewable on appeal from a final judgment." *Id.* at 117 (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949), and *United States v. Graham*, 257 F.3d 143, 147 (2d Cir. 2001), which is derived from *Cohen*). And denials of motions to unseal (or of motions to preclude pseudonymity) qualify under all three prongs:

1. Such denials conclusively reject the claim to contemporaneous access: For instance, in *Lugosch*, *supra*, because "the crucial issue was the media's request for immediate release of contested material, in response to which the district court took an action that did not result in such immediate release," the district court's decision "conclusively resolve[d] [the] disputed issue" and satisfied "the first prong of the collateral order doctrine." 435 F.3d at 118. The same is so here.

2. Such denials resolve an important question related to the common-law and First Amendment right of access, *see id.* at 117-19, rather than to the merits of the dispute between parties. In this case, for instance, the parties' only remaining dispute in federal court relates to a claim for damages for alleged violations of due process and for defamation. *See* Consolidated Complaint, Doc. No. 29-1, at 9-10; District Court Order of Apr. 20, 2022 (noting "the remand to state court of all claims save for civil rights claims for damages

6

(Counts 1 and 2) against the Town and Counts 5 and 6"; counts 1 and 2 relate to due process, count 5 to defamation, and count 6 to attorney fees). Any proceedings under the New Hampshire Exculpatory Evidence Schedule statute are now entirely in the state court. The remainder of the federal court case is thus completely separate from Volokh's assertion of his right of access to information about the case.

3. And such denials are effectively unreviewable on appeal from a final judgment, both because the intervenor would not be able to appeal the judgment itself, and because any such appeal would in any event often be years in the future. Like in *Lugosch*, Volokh has been denied his First Amendment and common law right of contemporaneous access because "delay itself is a final decision." *Lugosch*, *supra*, 435 F.3d at 118 (cleaned up). "[I]t is patently clear that the denial of 'prompt public disclosure' the [intervenor] seek[s] will be unreviewable, not to mention any damage irreparable, on appeal from a final judgment." *Id.* at 119.

Likewise, as the Eleventh Circuit put it, orders "that sealed . . . documents" and "that denied [a] motion to unseal the documents" "are appealable as collateral to the underlying action because they conclusively determine a disputed question, resolve an

7

important issue, and are effectively unreviewable on appeal from a final judgment."
*Romero v. Drummond Co.*, 480 F.3d 1234, 1242 (11th Cir. 2007) (citing *Cohen*).

### III. Denials of motion to unseal are collateral orders even when they are potentially subject to later reconsideration

Because the right of access is a right of contemporaneous access, denials of motion to unseal can be appealed even when they note the possibility that the documents may be unsealed at some unspecified future time. As this Court held in *Chin*, "the fact that the motion to unseal . . . was denied 'without prejudice'" is not "of jurisdictional significance, under the collateral order doctrine," so long as the request is understood as having been for prompt release of the information. *Chin*, 913 F.3d at 255 n.3.

*Chin* noted that "the request was for the release of the jurors' identifying information 'as soon as possible' post-verdict," *id.*, and Volokh's motion did not expressly ask that Doe's name be released as soon as possible. But in the context of the well-established right of contemporaneous access to court records, a request for such access should be understood as a request for access as soon as possible, rather than at some unspecified future time. Nor would the request be satisfied by the possibility of its maybe being granted after the conclusion of "pretrial proceedings," Dist. Ct. Op. at 5, ECF No. 37. Volokh filed his motion in April 2022, ECF No. 26, and at that point trial was tentatively set for April 2023, see Order of Feb. 17, 2022;

8

the request had to be understood as a request for immediate access, not for the possibility of access being reconsidered a year hence.

Likewise, even when a court merely holds a motion to unseal "in abeyance," that decision "falls within the collateral order doctrine," because the motion seeks "a right of *immediate* access" to court records. *Lugosch*, 435 F.3d at 118. "[H]olding the intervention motion in abeyance was a delay that was effectively a denial of any right to contemporaneous access." *Id.* at 126 (cleaned up).

## CONCLUSION

Doe concludes his motion to dismiss stating, "If Volokh—or another intervenor like him—must wait for a final order before he can appeal, all he will have lost is time," Appellee's Motion to Dismiss at 12. But "'[e]ach passing day may constitute a separate and cognizable infringement of the First Amendment.'" *Grove Fresh*, *supra*, 24 F.3d at 897 (quoting *Nebraska Press Ass'n v. Stuart*, 423 U.S. 1327, 1329 (1975) (Blackmun, J., in chambers), while specifically discussing the right of access to court records). "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury," *Elrod v. Burns*, 427 U.S. 347, 373 (1976)—an injury that only interlocutory review can help mitigate.

The District Court denied Volokh's claim of a right of access. Because that right is a right to contemporaneous access, courts—including this Court—routinely treat

9

such denials as collateral orders subject to interlocutory appeal. For this reason, the motion to dismiss should be denied.

> Respectfully Submitted,
>
> s/ Eugene Volokh
> Eugene Volokh
> First Amendment Clinic
> UCLA School of Law
> 385 Charles E. Young Dr. E
> Los Angeles, CA 90095
> (310) 206-3926
> volokh@law.ucla.edu
> *Pro se*
> (Institution affiliation listed for identification purposes only)
>
> August 12, 2022

## CERTIFICATE OF SERVICE

I certify that today, August 12, 2022, I served this document on all counsel of record by e-filing.

> s/ Eugene Volokh
> Eugene Volokh